UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO TOMAS PEREZ (A 246-934-750),<br>Petitioner,<br>v.<br>WARDEN MESA VERDE DETENTION FACILITY,<br>Respondents. | No. 1:26-cv-07742-DC-CSK<br><br>ORDER AND FINDINGS & RECOMMENDATIONS |

Petitioner Eduardo Tomas Perez (A 246-934-750), a citizen and native of Guatemala, entered the United States on an unknown date and filed pro se a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] On August 20, 2026, U.S. Immigration and Customs Enforcement ("ICE") arrested and detained petitioner, who has been in continuous detention since then. This habeas action concerns petitioner's ongoing detention. For the reasons that follow, the Court recommends dismissing the petition for a writ of habeas corpus.

## I. FACTUAL BACKGROUND

Petitioner is a national and citizen of Guatemala who entered the United States without inspection on an unknown date. (ECF No. 7 at 12.) Petitioner's criminal history includes a 2023

[1] Petitioner is proceeding in forma pauperis. This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

arrest for driving while under the influence of alcohol in violation of California Vehicle Code § 23152(b), for which he was convicted in 2024. (ECF No. 7 at 23-25.) On August 20, 2026, ICE officials took petitioner into custody and initiated removal proceedings against him. (ECF No. 7 at 7-16.) Petitioner did not request immigration judge review of the custody determination. (Id. at 27.)

## II. PROCEDURAL BACKGROUND

On September 18, 2026, petitioner filed the petition for writ of habeas corpus and a motion to appoint counsel. (ECF Nos. 1, 3.) The habeas petition was referred to the assigned magistrate judge. On October 5, 2026, respondent timely filed an opposition and motion to dismiss. (ECF No. 7.) Petitioner did not file a reply. Briefing is now complete.

## III. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court. The provisions of Rule 4, which are applicable to a petition filed pursuant to 28 U.S.C. § 2241, provide in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." The Advisory Committee Notes to Rule 4 indicate that the court may dismiss a

petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to respondent's motion to dismiss, or after an answer to the petition has been filed.

**IV. DISCUSSION**

Petitioner raises a Fifth Amendment due process claim for prolonged detention that exceeds six months. (See ECF No. 1 at 8.) The Court notes at the outset that it is undisputed that petitioner has not been detained for more than six months. Because petitioner is proceeding pro se and pro se pleadings are liberally construed, the Court construes petitioner's claim as a Fifth Amendment due process claim challenging his detention without a custody hearing. Respondent contends that petitioner is lawfully detained pursuant to 8 U.S.C. §1226(a) and that petitioner has not exhausted administrative remedies because he has not requested a custody hearing before an immigration judge. (ECF No. 7 at 2-4.)

In analyzing petitioner's challenge to his detention, the court "must first identify the statutory provision that purports to confer" authority for his detention. Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008). Respondent argues that petitioner is subject to detention pursuant to 8 U.S.C. § 1226(a) because he is lawfully subject to removal. The Court agrees that 8 U.S.C. §1226(a) governs petitioner's detention.

28 U.S.C. § 2241 "does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus." Laing v. Ashcroft, 370 F.3d 994, 997 (9th Cir. 2004). However, "[a]s a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012). Because exhaustion is not required by statute, it is not jurisdictional. Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990), overruled on other grounds by Reno v. Koray, 515 U.S. 50, 54-55 (1995) (citing Morrison-Knudsen Co., Inc. v. CHG Int'l, Inc., 811 F.2d 1209, 1223 (9th Cir. 1987)). If a petitioner has not properly exhausted his claims, the district court, in its discretion, may "determine whether to excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court." Id. "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of

the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007) (internal citation and quotation marks omitted). However, the court may waive the exhaustion requirement when administrative remedies are inadequate, irreparable injury may occur without immediate judicial relief, or exhaustion otherwise would be futile. Laing, 370 F.3d at 1000-01 ("[D]istrict court's habeas jurisdiction under 28 U.S.C. § 2241 is ordinarily reserved for instances in which no other judicial remedy is available.").

Under the circumstances of this case, this Court finds that petitioner should not be excused from exhausting administrative remedies. The record before the Court indicates that petitioner has not had prior contact with immigration authorities before his current August 2026 arrest and detention. Noncitizens detained under §1226(a) may request a custody redetermination by an immigration judge. 8 C.F.R. § 236.1(d)(1). The custody hearing process enables petitioner to challenge his detention under § 1226(a), and the immigration court has the expertise necessary to develop the record and reach a proper decision. Relaxing the exhaustion requirement under these circumstances would encourage others to bypass the administrative exhaustion process. Finally, in this case administrative review is likely to allow the agency to correct its own mistakes and thus avoid the need for judicial review.

"If a petitioner fails to exhaust prudentially required administrative remedies, then 'a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies,'" unless exhaustion is excused. Hernandez v. Sessions, 872 F.3d 976, 988 (9th Cir. 2017) (citing Leonardo v. Crawford, 646 F.3d 1157, 1161 (9th Cir. 2011)). Petitioner has provided no argument as to why exhaustion should be excused under the circumstances of his case. (See ECF No. 1.) Therefore, this Court finds that petitioner's due process claim should be dismissed without prejudice based on petitioner's failure to exhaust administrative remedies.

///

///

## V. MOTION FOR APPOINTMENT OF COUNSEL

Petitioner filed a motion for appointment of counsel. (ECF No. 3.) There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). Under 18 U.S.C. § 3006A, the court can appoint counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. The Court concludes that the interests of justice do not require appointment of counsel, and petitioner's motion for appointment of counsel is denied without prejudice.

## VI. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for appointment of counsel (ECF No. 3) is DENIED WITHOUT PREJUDICE; and

IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 7) be granted;
2. The petition (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **14 days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 12, 2026

Chi Soo Kim

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

11/pere7742.157.2241.imm